## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| BELTWAY PAVING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> PRUCO LIFE INSURANCE COMPANY and LISA M. MOORE, *Personal Representative of the Estate of Timothy S. Moore*, <br><br> Defendants. | Civil Action No. TDC-21-0264 |

## MEMORANDUM OPINION

Plaintiff Beltway Paving Company, Inc. ("Beltway") filed this civil action against Defendants Lisa M. Moore, as personal representative of the Estate of Timothy S. Moore ("the Estate"), and Pruco Life Insurance Company ("Pruco") seeking a declaratory judgment pursuant to 28 U.S.C. § 2201(a) that Beltway is the true owner and beneficiary of Timothy Moore's life insurance policy ("the Policy"). Presently pending before the Court are Pruco's Motion for Leave to File an Amended Answer and Cross-Claims and Pruco's Motion to Preserve the Status Quo and Enjoin Any Further Disbursement of the Death Benefit Proceeds. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, Pruco's Motion for Leave to File an Amended Answer and Cross-Claims will be GRANTED IN PART and DENIED IN PART, and Pruco's Motion to Preserve the Status Quo and Enjoin Any Further Disbursement of the Death Benefit Proceeds will be DENIED.

## BACKGROUND

The Court (Grimm, J.) previously issued a memorandum opinion denying separate Motions to Dismiss filed by Pruco and the Estate, which is incorporated herein by reference. *Beltway Paving Co., Inc. v. Pruco Life Ins. Co.*, No. PWG-21-0264, 2022 WL 4080312 (D. Md. Sept. 6, 2022). The Court therefore adopts the summary of the allegations in the Complaint set forth in that memorandum opinion and provides only the additional facts relevant to the resolution of the pending Motions.

On October 11, 2022, the Estate sent a letter to Pruco summarizing the status of the Policy proceeds which it had received. The letter stated that Pruco had paid proceeds to the Estate in the amount of $1,008,275.80 and that these funds had been placed in an Estate checking account. Since then, the proceeds were largely maintained except for withdrawals to pay legal fees, creditors, and estate expenses, such that the present balance of the account was $899,975.75. In a responsive letter, Pruco requested that the Estate refrain from disbursing the remaining proceeds during the pendency of this litigation. The Estate declined the request, in part because the funds were "in Florida probate[.]" 10/27/22 Emails at 1, Mot. to Preserve Ex. B, ECF No. 64-3.

## DISCUSSION

### I. Motion for Leave to File an Amended Answer and Cross-Claims

Pruco seeks leave to file an Amended Answer with two cross-claims against the Estate. Pruco contends that these cross-claims are necessary to protect it "from the possibility that after paying the Death Benefit Proceeds to the Estate, [it] might somehow also become obligated for double payment of the Death Benefit Proceeds to Beltway." Mot. for Leave ¶ 13, ECF No. 63. The first cross-claim is for unjust enrichment. Pruco maintains that it paid the proceeds to the correct party under the terms of the Policy, but if the Court were to find in favor of Beltway on the grounds alleged in Beltway's Second Amended Complaint, "then the Estate would have been

unjustly enriched by making a claim for the Death Benefit Proceeds [that] Moore intended and/or agreed the Estate was not entitled to." Proposed Cross-Claims at 9, Mot. for Leave Ex. A, ECF No. 63-1. The second cross-claim is for contribution and indemnity. Pruco asserts that if the Court determines that Pruco is liable in any amount to Beltway, then Pruco is entitled to "contribution and/or indemnification" from the Estate. *Id.* at 10.

The Estate raises three arguments in opposition. First, it argues that Pruco's Motion was filed after the deadline for a motion to amend the pleadings as set forth in the Scheduling Order, and that Pruco cannot establish good cause as required for a modification of the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4). Second, the Estate argues that the Court lacks the authority to award Pruco the relief it seeks in its cross-claims because the Court lacks *in rem* jurisdiction. Third, the Estate contends that Pruco's Motion is futile because its cross-claims are not viable.

### A.     Timeliness

Rule 16 provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Estate argues that Pruco must show good cause under this rule because this Court's Scheduling Order set a deadline of November 9, 2022 for any party to move to amend the pleadings, but Pruco did not file its Motion for Leave to File an Amended Answer and Cross-Claims until December 22, 2022. This argument has no merit. On November 9, 2022, Pruco filed a Notice of Intent to File the Motion, in the form of a letter, in accordance with an Order issued by Judge Paul W. Grimm relating to the filing of motions. That Order states:

> If the letter described above is filed within the time allowed by the Federal Rules
> of Civil Procedure, Local Rules of Court, or any order issued by [the Court] in
> which to file the motion that the letter addresses, the time for filing the motion will

3

be tolled to permit the scheduling of the telephone conference without the need to request an extension of time.

Order at 1, ECF No. 3. Judge Grimm later set a deadline of December 23, 2023 for the filing of Motion. ECF No. 62. The plain language of the Order establishes that because Pruco's Notice was filed by the deadline in the Scheduling Order for filing a motion to amend the pleadings, that deadline was tolled, such that the Motion was not untimely when it was filed on December 22, 2022.

### B. *In Rem* Jurisdiction

The Estate also argues that the Motion should be denied because the Court cannot award Pruco the relief sought in the proposed cross-claims because the Court, in its prior memorandum opinion, held that it lacks *in rem* jurisdiction over the Policy proceeds. Specifically, the Court concluded that:

> [T]he *res* in question is the proceeds of the Policy, which the parties do not dispute were paid to the Estate in Florida. Because the *res* at issue in this case i[s] not within the Court's territorial jurisdiction, the Court lacks *in rem* jurisdiction to adjudicate the parties' rights with respect to the Policy proceeds.

*Beltway Paving Co., Inc.*, 2022 WL 4080312, at *3.

The Court nevertheless found that it has specific personal jurisdiction over the Estate. *Id.* at *6. Fairly construed, the cross-claims seek recovery from the Estate, not necessarily from the Policy proceeds specifically. Accordingly, for the reasons discussed in its prior memorandum opinion, the Court's lack of *in rem* jurisdiction does not affect its authority to adjudicate claims asserted against the Estate itself. *Id.* at *5-6. The Court therefore will not deny the Motion on this basis.

## C.     Futility

Generally, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts deny leave to amend "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). The standard for futility is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

To defeat a motion to dismiss under Rule 12(b)(6), a pleading must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).

The Court finds that Pruco has stated a plausible cross-claim for unjust enrichment. Under Maryland law, a plaintiff establishes unjust enrichment when: "(1) the plaintiff confers a benefit upon the defendant; (2) the defendant knows or appreciates the benefit; and (3) the defendant's acceptance or retention of the benefit under the circumstances is such that it would be inequitable to allow the defendant to retain the benefit without the paying of value in return." *Benson v. State*, 887 A.2d 525, 546 (Md. 2005). Here, if the Court finds that Beltway was the true owner and beneficiary of the Policy, then the Estate, which received the Policy proceeds from Pruco, would not have been entitled to them. Under these circumstances, the Estate was aware of its receipt of

this benefit, and if Beltway was actually entitled to the proceeds, then the Estate's retention of the proceeds arguably would be inequitable.

The Estate contends that Pruco cannot state a valid claim for unjust enrichment because there is an express written contract, namely the Policy, covering the subject matter of the claim. *See Cnty. Comm'rs of Caroline Cnty. v. J. Roland Dashiell & Sons, Inc.*, 747 A.2d 600, 607 (Md. 2000) (stating that "a claim for unjust enrichment may not be brought where the subject matter of the claim is covered by an express contract between the parties"). This argument is unpersuasive. Although the Policy was a contract between Pruco and Moore, Beltway argues, in seeking a declaratory judgment, that in fact Beltway, not Moore, was the actual policyholder and beneficiary. As Judge Grimm stated in denying the Motion to Dismiss as to Beltway's unjust enrichment claim, a party may proceed on an unjust enrichment claim in the event that it is later established that there was no contract between the parties or that it did not govern the subject matter of the claim. *Beltway Paving Co. Inc.*, 2022 WL 4080312, at *10 n.7; *see Swedish Civ. Aviation Admin. v. Project Mgmt. Enterprises, Inc.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002) (finding that the defendant was not barred from pleading quasi-contract theories "in the alternative where the existence of a contract concerning the subject matter is in dispute"). Here, if Beltway prevails on its claim that Beltway was the actual policyholder, then the Estate will no longer be a party to the Policy, and there will be no contractual relationship between Pruco and the Estate. At the pleading stage, Pruco may assert an unjust enrichment claim as an argument in the alternative to address this scenario.

As to the contribution claim, under Maryland law, "one debtor may claim contribution from another equally obligated for discharging their mutual obligation." *Lyon v. Campbell*, 596 A.2d 1012, 1013 (Md. 1991). A plaintiff stating a claim for contribution must establish two

6

elements: first, that the parties share a "common liability or burden," and second, that "the party seeking contribution must have paid, under legal compulsion, more than his fair share of the common obligation." *Hartford Accident & Indem. Co. v. Scarlett Harbor Assocs. Ltd. P'ship*, 674 A.2d 106, 137 (Md. Ct. Spec. App. 1996), *aff'd*, 695 A.2d 153 (Md. 1997). Parties share a common liability if they are joint tortfeasors, meaning that they are "jointly or severally liable, or both, in tort, for the same harm," or if they are co-obligors, meaning that they are jointly liable "on the same non-tort obligation (such as a contract, promissory note, or tax)." *Id.*

Pruco argues that "if judgment is entered in favor of Beltway, Beltway may seek to hold both Pruco and the Estate jointly liable to Beltway for the same obligation (e.g. the Death Benefit Proceeds)," through a breach of contract claim against Pruco and an unjust enrichment claim against the Estate. Reply Mot. for Leave at 5, ECF No. 71. Here, Pruco would be liable under a breach of contract theory and the Estate would be liable under a quasi-contract theory, so they are not joint tortfeasors, but the law is not clear on whether they could be considered co-obligors under the somewhat unusual facts of this case. *Cf. Hartford Accident & Indem. Co.*, 674 A.2d at 138 (finding no common liability to support a contribution claim when one party's liability was based on a breach of express warranty to which the other party was not a co-obligor). Furthermore, if Pruco is ordered to pay the Policy proceeds a second time, this time to Beltway, it arguably will have paid more than its "fair share" of its common obligation with the Estate. *Id.* at 137. Accordingly, the Court does not conclude that a contribution claim would be futile.

The indemnification claim, however, is futile. Maryland recognizes three types of indemnification: (1) "express contractual indemnity," (2) indemnity by implication, "either of fact or by law," and (3) equitable or "tort indemnity." *Pulte Home Corp. v. Parex, Inc.*, 942 A.2d 722, 730-31 (Md. 2008). Like the contribution claim, Pruco's indemnification claim hinges on the

7

Court first finding in favor of Beltway, and then Beltway succeeding on a claim against Pruco for the Policy proceeds. Pruco asserts that if Beltway tries to recoup the proceeds from it, it is entitled to indemnification from the Estate based on an implied-in-fact indemnity theory. Implied-in-fact indemnity arises "from a special relationship between the parties, usually contractual in nature, or from a course of conduct." *Id.* at 730. "[A] contractual right to indemnification will only be implied when there are unique special factors demonstrating that the parties intended that the would-be indemnitor bear the ultimate responsibility . . . or when there is a generally recognized special relationship between the parties." *Id.* (quoting *Araujo v. Woods Hole, Martha's Vineyard, Nantucket S.S. Auth.*, 693 F.2d 1, 2-3 (1st Cir.1982)); *see Hanscome v. Perry*, 542 A.2d 421, 426 (Md. Ct. Spec. App. 1988).

Where the insurance policy, on its face, was a contract between Pruco and Moore as the policyholder, there arguably was a contractual relationship that could at least potentially be considered a "special relationship." *Pulte Home Corp.*, 942 A.2d at 730. The allegations in the proposed Amended Answer and Cross-Claims, however, do not provide any basis to conclude that there were "unique special factors" showing that Pruco and Moore "intended" that Moore—either as the policyholder or the final beneficiary—would "bear the ultimate responsibility" for any claims against Pruco under the present circumstances, or that they had a "generally recognized special relationship" that would support an indemnification claim. *Id.* Thus, Pruco has failed to state a plausible claim of indemnification.

The Court will therefore grant Pruco's Motion for Leave to File an Amended Answer and Cross-Claims as to its unjust enrichment and contribution cross-claims but will deny leave to include the indemnification cross-claim because it would be futile.

8

## II. Motion to Preserve the Status Quo

In this Motion, Pruco seeks an order preserving the status quo and enjoining the Estate from disbursing the remaining insurance policy proceeds. Pruco argues that there are three sources of authority that empower the Court to enter such an order: (1) Federal Rule of Civil Procedure 65; (2) Rule 64; and (3) the Court's inherent equitable power.

### A. Rule 65

Rule 65 authorizes the Court to issue a preliminary injunction if the moving party establishes that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *see Dewhurst v. Century Aluminum Co.*, 649 F.3d 287, 290 (4th Cir. 2011). A moving party must satisfy each requirement as articulated. *Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013). Because a preliminary injunction is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

To satisfy the first requirement, the party requesting an injunction must "make a 'clear showing' that they are likely to succeed at trial." *Pashby*, 709 F.3d at 321 (citation omitted). The success of Pruco's remaining proposed cross-claims for unjust enrichment and contribution turns on the Court first finding in favor of Beltway on its Second Amended Complaint, and as this Court previously stated, "Beltway faces an uphill battle to prove that it was the intended beneficiary under Mr. Moore's life insurance policy," primarily because its argument runs contrary to the plain language of the Policy. *Beltway Paving Co., Inc.*, 2022 WL 4080312, at *10. The Court therefore cannot find a likelihood of success on Pruco's cross-claims against the Estate.

9

Even if Pruco could establish a likelihood of success on the merits, it does not satisfy the second element of a preliminary injunction. To show a likelihood of irreparable harm, Pruco must demonstrate that it faces a harm that is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). Generally, a harm is not irreparable if the party may be compensated "by an award of money damages at judgment" absent extraordinary circumstances, such as "where the moving party's business cannot survive absent a preliminary injunction or where '[d]amages may be unobtainable from the defendant because he may become insolvent before a final judgment can be entered and collected.'" *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693-94 (4th Cir. 1994) (quoting *Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 386 (7th Cir.1984)); *see Ass'n of Am. Publishers, Inc. v. Frosh*, 586 F. Supp. 3d 379, 393 (D. Md. 2022).

Here, Pruco has neither asserted not demonstrated that its business would fail absent the injunction. Where Pruco has acknowledged that the Estate has "other cash equivalent assets" in addition to the Policy proceeds, it has not shown that the Estate would become insolvent and unable to pay a judgment rendered against it absent a preliminary injunction. Mot. to Preserve at 6, ECF No. 64-1. Because the Court finds that Pruco has not satisfied the first two requirements for a preliminary injunction, it need not and does not address the remaining factors. *Henderson ex rel. NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018). The Court will deny Pruco's request for a preliminary injunction under Rule 65.

### B. Rule 64

Pruco argues, in the alternative, that Rule 64 and sections 3–302 and 3–303 of the Courts and Judicial Proceedings Article of the Maryland Code authorize the Court to enter an order

10

requiring the Estate to refrain from further disbursement of the Policy proceeds. Rule 64 provides that a federal court may employ remedies under state law that provide for "seizing a person or property to secure satisfaction of the potential judgment," including "arrest; attachment; garnishment; replevin; [and] sequestration," among others. Fed. R. Civ. P. 64(a)-(b). Sections 3–302 and 3–303 enable the Court to enter a prejudgment attachment of property. Md. Code Ann., Cts. & Jud. Proc. §§ 3–302, 3–303 (West 2022).

Because Rule 64 and sections 3–302 and 3–303 authorize the seizure or attachment of specific property, these provisions cannot be used in this instance because, as Judge Grimm previously found, the Court lacks *in rem* jurisdiction over the Policy proceeds, which are in Florida. *Beltway Paving Co., Inc.*, 2022 WL 4080312, at *3. Further, the attachment authority under Maryland law applies only to property located within Maryland. *Fed. Deposit Ins. Corp. v. Rodenberg*, 622 F. Supp. 286, 288 (D. Md. 1985) (finding that the Maryland attachment statutes do not extend to property outside of Maryland); *Capital Source Fin., LLC v. DeLuca*, No. DKC-2006-2706, 2006 WL 8457111, at *1 (D. Md. Nov. 9, 2006) ("The attachment authority of Maryland courts under this provision[, Md. Code Ann., Cts. & Jud. Proc. § 3-303(b),] is limited to property located within the state of Maryland."). The Court thus will not grant the requested relief based on these provisions.

### C.    **Inherent Equitable Power**

Pruco cites to *U.S. ex rel. Rahman v. Oncology Associates, P.C.*, 198 F.3d 489 (4th Cir. 1999) for the proposition that courts have the inherent equitable power to preserve the status quo. *Id.* at 492-93. In *Rahman*, the United States Court of Appeals for the Fourth Circuit held that the district court had a general equitable power to enter a preliminary injunction to freeze the defendants' assets in order to be able to provide the requested relief upon entry of judgment, so

11

long as the plaintiff's pleading included claims in equity such as unjust enrichment. *Id.* at 498-99. Although Pruco's cross-claims are equitable in nature, the Court will not invoke this limited authority to freeze assets where the Court lacks *in rem* jurisdiction over the assets. *See Beltway Paving Co., Inc.*, 2022 WL 4080312, at *3. The Court therefore will not grant the requested relief.

## CONCLUSION

For the foregoing reasons, Pruco's Motion for Leave to File an Amended Answer and Cross-Claims, ECF No. 63, will be GRANTED IN PART and DENIED IN PART, in that it will be granted as to the proposed cross-claims with the exception of Pruco's cross-claim for indemnification, which would be futile. Pruco's Motion to Preserve the Status Quo and Enjoin Any Further Disbursement of the Death Benefit Proceeds, ECF No. 64, will be DENIED. A separate Order shall issue.

Date: April 13, 2023

THEODORE D. CHUANG
United States District Judge